IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROCKIE FURTADO, JR.,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS FURTADO; ROCKIE FURTADO, SR.; and MADELEINE FURTADO,<br><br>Defendants. | No. 26-cv-761-JJM-AEM |

**ORDER**

Rockie Furtado, Jr. has filed, along with his Complaint, a Motion to Proceed *In Forma Pauperis* ("IFP"). ECF No. 2. The filing of that Motion creates an obligation on the part of the Court to determine whether the Complaint states a plausible federal claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 667 (2009) (plausible claim standard); 28 U.S.C. § 1915(e)(2)(B)(ii) (screening required). No IFP Motion can be granted unless it states a plausible claim, which includes jurisdiction.

In this case, the Plaintiff claims diversity jurisdiction pursuant to 28 U.S.C. § 1332. He is a resident of New York, and the Defendants, Dennis Furtado, Rockie, Furtado, Sr., and Madeleine Furtado are residents of Massachusetts and Rhode Island. He plausibly claims damages more than $75,000. The Complaint therefore satisfies the requirements of diversity jurisdiction.

While the jurisdictional requirements appear to be met, the Complaint suffers from a more fundamental problem and that is whether there exists a cause of action to remedy the injury that the Plaintiff describes. Although the story behind this Complaint is only sparingly revealed, it appears that the Plaintiff is the adult son of defendant Rockie Furtado, Sr. Dennis Furtado and Madeleine Furtado are described as "retired," and referred to as "Mr. and Mrs. Furtado," but their relationship to the Plaintiff is unexplained. ECF No. 1 at 4.

The gist of the Plaintiff's claim is that he had been employed by a family business that was sold, leaving him unemployed and unemployable. ECF No. 1 at 6. He also asserts that the Defendants abandoned him, either causing him mental health injuries or exacerbating the mental illness from which he suffered. *Id.* He alleges that after the business was sold, "I had issues and all they could do was refer me to a mental hospital." *Id.* There is a bare reference to "age and gender discrimination" resulting in "emotional distress and medical attention over the years." *Id.*

When diversity provides jurisdiction, state law governs the case in most substantive respects. *Wolverine Ins. Co. v. Tower Iron Works, Inc.,* 370 F.2d 700,703 (1st Cir. 1966). It is doubtful that Rhode Island recognizes any cause of action by any child, whether a minor or adult child, against a parent for negligence in his upbringing, assuming that the Plaintiff characterizes the act of selling the family

business as a negligent act.[1] *Cf. Castellucci v. Castelluci,* 188 A.2d 467, 469 (R.I. 1963)[2] (whether minor children can sue parents' estate for negligence in automobile accident case is a question for the legislature). To maintain an action for a negligent act, the Plaintiff must also demonstrate in his pleadings that the defendants – including Mr. and Mrs. Furtado whose relationship to him , and thus whose duty, is unstated -- owed him some duty of care, imposed by statute or recognized by common law. *Cruz v. DaimlerChrysler Motors Corp.,* 66 A.3d 446,451 (R.I. 2013) (four elements of negligence includes duty of care). Then he must establish that some action by the defendants – in this case the selling of the business – constituted a breach of that duty. *Id.* Then, if there were a cause of action sounding in tort, the statute of limitations would likely be three years, R.I. Gen. Laws § 9-1-14(b), and there is nothing in the Complaint that discloses a temporal setting; i.e., how long ago was the business sold?

The likelihood that the Plaintiff can amend this Complaint to set forth a cause of action recognized by Rhode Island law and, even if he could, to bring the tort claimed within the statute of limitations, is exceedingly low. But he should be allowed an opportunity to satisfy the apparent shortcomings of the Complaint. The Plaintiff may file an Amended Complaint within 30 days, on or before November 21,

---

[1] If the selling of the business were alleged to be a breach of some sort of contract, Rhode Island law would also govern. *Quality Cleaning Products R.C., Inc. v. SCA Tissue North America, LLC*, 794 F.3d 200, 204 (1st Cir. 2015) (substantive Puerto Rico law applied to breach of contract action).

[2] *See Matarese v. Matarese,* 131 A. 198 (R.I. 1925) (minor child could not sue father for tortious conduct in automobile accident case).

2026. If no Amended Complaint is filed by that date that both states a claim recognized by state law and satisfies the statute of limitations, the case will be DISMISSED. The IFP Motion is deferred.

IT IS SO ORDERED.

***/s/ John J. McConnell, Jr.***

_______________________________
JOHN J. MCCONNELL, JR.,
Chief Judge
United States District Court

October 20, 2026